UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH NGUYEN,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,

    Defendant.
_____/

No. C-10-4807 JCS

**ORDER GRANTING MOTION FOR ATTORNEY FEES UNDER EQUAL ACCESS TO JUSTICE ACT [Docket No. 26]**

## I. INTRODUCTION

Plaintiff Kenneth Nguyen brought this action seeking reversal of the decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability benefits. In an order filed June 11, 2012, the Court granted Plaintiff's summary judgment motion, denied Defendant's summary judgment motion and remanded to the Commissioner for immediate award of benefits. Plaintiff now brings a Motion for Attorney Fees under the Equal Access to Justice Act ("the Motion") seeking an award of $8,628.30 for fees incurred in this action. Counsel for the United States did not respond to Plaintiff's attempts to meet

and confer prior to filing the Motion and did not file an opposition to Plaintiff's Motion.[1] The Court finds that the Motion is suitable for determination without oral argument pursuant to Civil Local Rule7-1(b). Accordingly, the hearing set for **October 26, 2012 at 1:30 p.m. is vacated**. For the reasons stated below, the Motion is GRANTED.[2]

**II. ANALYSIS**

**A. Whether Fees Should be Awarded**

The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S. C § 2412(d)(1)(A). Although a plaintiff seeking fees under the EAJA must allege that the government's position was not "substantially justified," it is the government's burden to establish that the position of the United States *was* substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Here, the Government has not opposed Plaintiff's fee request and therefore has not met its burden. Accordingly, Plaintiff is entitled to an award of his attorneys' fees under the EAJA.

**B. Amount of Fee Award**

The EAJA limits attorney fee awards to $125 per hour "unless the Court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks compensation at the standard hourly rate under the EAJA with cost of living adjustments, rounded down to the nearest dollar amount, that is, $175 for work performed in 2010, $180 for 2011, and $183 for 2012. These rates are consistent with the EAJA and therefore provide the proper basis for

---

[1] The deadline for filing an Opposition brief was September 24, 2012. Pursuant to Civil Local Rule 7-3, Defendant was required to either file an opposition brief or a statement of non-opposition by that date. Defendant failed to comply with that requirement.

[2] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

calculating Plaintiff's fee award.

The Court also finds, having reviewed the itemization of time set forth in the Declaration of Lisa Lunsford in Support of Plaintiff's Motion for Attorney Fees, that the time spent on this action by Plaintiff's counsel, Lisa Lunsford and Brian Baghai, is reasonable and adequately documented. Therefore, the Court concludes that Plaintiff is entitled to $8,628.30 in attorneys' fees.[3]

### III. CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Court awards $8,628.30 in attorney's fees under the EAJA.

IT IS SO ORDERED.

Dated: September 28, 2012

JOSEPH C. SPERO
United States Magistrate Judge

---

[3] This includes the following amounts: 1) $367.50 for 2.1 hours of work by Brian Baghai at $175.00/hour; 2) $5,040.00 for 28 hours of work by Brian Bahai at $180/hour; and 3) $3,220.80 for 17.6 hours of work by Lisa Lunsford at $183/hour.